THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN REILLY, | : |
| Plaintiff, | : |
| v. | : 3:21-CV-1521 |
| | : (JUDGE MARIANI) |
| EMILY SARAH JONES, *et al.*, | : |
| Defendants. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On August 17, 2021, Plaintiff John Reilly filed the above-captioned action in the Court of Common Pleas of Luzerne County. (Doc. 1-2). The Complaint stems from a tractor-trailer and motor vehicle accident and alleges claims of "Negligence and Recklessness" against Defendants Emily Sarah Jones, Metal Masters Foodservice Equipment Co. Inc. d/b/a Eagle Group, Eagle MHC Co., and Eagle MHC Group, LLC. (Doc. 1-2). On September 3, 2021, Defendants removed this action to federal court on the basis of diversity jurisdiction. (Doc. 1). Defendants thereafter filed a Motion to Dismiss Plaintiff's Claim for Punitive Damages (Doc. 3) and accompanying brief (Doc. 3-2), to which Plaintiff filed a brief in opposition (Doc. 4).

Defendants' motion to dismiss has been fully briefed and the motion is ripe for disposition. For the reasons set forth below, the Court will deny Defendants' Motion to Dismiss Plaintiff's Claim for Punitive Damages (Doc. 3).

## II. FACTUAL ALLEGATIONS

Plaintiff's Complaint (Doc. 1-2) alleges the following facts which, for the purposes of resolving Defendants' Motion to Dismiss, the Court takes as true:

On November 4, 2019, at approximately 11:48 a.m., Plaintiff, John Reilly, was operating his 2000 Toyota Solara in Nanticoke, Luzerne County, and was stopped in the left turning lane at a red light near the intersection of East Main Street and Kosciusko Street and was preparing to make a left turn. (Doc. 1-2, at ¶¶ 15-17). At this same time, Emily Sarah Jones, while operating a 2012 International tractor-trailer, was stopped at the red light in the right-hand lane of the intersection, which was designated for traffic proceeding straight or turning right. (*Id.* at ¶ 18). Jones had her left turn signal activated. (*Id.*).

When the traffic light turned green, both Reilly and Jones began to make a left-hand turn. (*Id.* at ¶ 19). As Jones made the left turn from the right travel lane, she turned left into Plaintiff's vehicle and struck his vehicle. (Doc. 1-2, at ¶ 20). Jones continued to operate her tractor-trailer without observing Reilly's vehicle, and the trailer struck the roof of Reilly's vehicle. (*Id.* at ¶ 21). Jones continued to drive the tractor-trailer along Kosciusko Street until she was pulled over by the Nanticoke City Police. (*Id.* at ¶ 22).

Reilly's vehicle sustained "significant damages to its back and roof" as a result of being struck by Jones' tractor-trailer. (*Id.* at ¶ 27). Reilly also suffered physical injuries including lumbar strain and sprain, cervical strain and sprain, thoracic strain and sprain, and

headaches and has sought medical care and treatment from "numerous" medical care providers. (*Id.* at ¶¶ 28, 29).

Defendant Eagle Group was the owner and operator of the 2012 International tractor-trailer at issue in the present action. Jones is an employee, agent, or ostensible agent of Eagle Group and was operating the tractor-trailer within the course and scope of her employment for Eagle Group. (*Id.* at ¶¶ 11, 12, 13).

### III. STANDARD OF REVIEW

A complaint must be dismissed under Federal Rule Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Offs.*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint

and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted). Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.* Additionally, because a "court reviewing a motion to dismiss must examine the plausibility of allegations in the complaint[, f]actual claims and assertions raised by a defendant are not part of that scrutiny." *Doe v. Princeton Univ.*, 30 F.4th 335, 344-345 (3d Cir. 2022).

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at 678). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 786-787 (quoting *Iqbal*, 556 U.S. at 679).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, an exception to this general rule exists where a "document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (internal quotation marks and brackets omitted) (emphasis in original). Nonetheless, consideration of these documents "only goes so far [and w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

Even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## IV. ANALYSIS

Defendants' Motion to Dismiss asserts that the Complaint "fails to set forth sufficient facts to support allegations of recklessness and/or a claim for punitive damages." (Doc. 3-2, at 3). Defendants argue that the "wide-turn" allegedly made by Jones "is certainly not an unusual occurrence for tractor trailers at intersections" and further that there are "no

5

allegations within the complaint that [Jones] was impaired in any way, was operating at an excessive speed, was distracted by an electronic device and/or operated the vehicle in reckless disregard for the safety of drivers on the roadway", and that there are no allegations "that would be sufficient to establish the requisite state of mind to support a finding of recklessness on behalf of the Defendants." (Doc. 3-2, at 4-5).

In Pennsylvania, punitive damages "are awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others." *SHV Coal, Inc. v. Cont'l Grain Co.*, 587 A.2d 702, 705 (Pa. 1991) (quoting *Chambers v. Montgomery*, 192 A.2d 355, 358 (1963)). See also *Feld v. Merriam*, 485 A.2d 742, 747-748 (Pa. 1984):

> Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. Punitive damages must be based on conduct which is "malicious," "wanton," "reckless," "willful," or "oppressive." Further, one must look to the act itself together with all the circumstances including the motive of the wrongdoers and the relations between the parties. The state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious. (Internal citations omitted).

As such, punitive damages "are not justified where the defendant's mental state rises to no more than gross negligence." *SHV Coal*, 587 A.2d at 705. Further, to succeed on a claim for punitive damages, a plaintiff must produce sufficient evidence to establish that "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchinson v. Luddy*, 870 A.2d 766, 772 (Pa. 2005).

Despite Defendants' assertions to the contrary, the Complaint sets forth sufficient well-pled factual allegations to state a claim for punitive damages. Plaintiff has alleged that Jones acted recklessly in the operation of her tractor-trailer in the following ways, including but not limited to: she was in the incorrect lane for making a left-hand turn yet nonetheless made the left-hand turn, she failed to observe other vehicles on the roadway, she failed to observe the lanes on the roadway, and she failed to take reasonable steps to avoid a collision with Reilly's vehicle, thereby driving directly into Plaintiff's vehicle and making direct contact with the vehicle. (*See generally*, Doc. 1-2, at ¶ 35). Plaintiff further alleges Jones was reckless in failing to prevent her tractor-trailer from coming into contact with Plaintiff's vehicle and in operating the tractor-trailer in violation of Federal Motor Carrier Safety regulations. (*Id.*). Plaintiff's additional allegation that Jones continued to drive the tractor-trailer after making contact with Reilly's car until she was pulled over by the Nanticoke City Police additionally supports a claim that Jones acted with an intentional, reckless or malicious state of mind. (Doc. 1-2 at ¶ 22). These allegations are closely intertwined with Plaintiff's allegations that the corporate defendants acted recklessly in failing to adequately train, supervise, and instruct Jones as to how to properly and safely operate the tractor-trailer and in failing to train her on safe driving practices, including the proper procedure for making left-hand turns. (*Id.* at ¶ 38).

Given that "Pennsylvania cases have adopted a very strict interpretation of 'reckless indifference to the rights of others,'" *Burke v. Maassen*, 904 F.2d 178, 181 (3d Cir. 1990),

and that "punitive damages are an 'extreme remedy' available in only the most exceptional matters," *Phillips v. Cricket Lighters,* 883 A.2d 439, 445 (Pa. 2005), Plaintiff will face a heavy burden should Defendants file a motion for summary judgment on the issue of punitive damages following the conclusion of discovery. However, it is premature to dismiss the allegations of recklessness and claim for punitive damages before discovery can reveal the presence or absence of conduct evidencing the requisite improper motive or reckless indifference on the part of the defendants. At this stage in the proceedings, and drawing all reasonable inferences in favor of the plaintiff, the Complaint plausibly alleges a cause of action for punitive damages, and specifically that the defendants' alleged actions and inactions were done with a bad motive or with a reckless indifference to the interests of others.

## V. CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court will deny Defendants' Motion to Dismiss Plaintiff's Claim for Punitive Damages (Doc. 3). A separate Order follows.

_____
Robert D. Mariani
United States District Court Judge